IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTWAUN VONTRELL LEE,

    Plaintiff,
v.                                                  CASE NO. 1:20-cv-59-AW-GRJ

U.S. DIST. COURT, et al.,

    Defendants.
_____/

**ORDER AND**
**REPORT AND RECOMMENDATION**

Pending before the Court are Plaintiff's Complaint, filed on March 10, 2020, ECF No. 1, and Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2.  Plaintiff's motion for leave to proceed as a pauper is due to be **GRANTED**.  N.D. Fla. Loc. R. 5.3.  For the reasons explained below, however, the Court will not assess a filing fee because it is respectfully **RECOMMENDED** that the Complaint should be **DIMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e).

**I. BACKGROUND**

This is the third lawsuit filed by Plaintiff in this Court within the span of three months.  *See Lee v. Ameil*, No. 1:19-cv-320-AW-GRJ (N.D. Fla.); *Lee v. Alachua County Sheriff's Office*, No. 1:20-cv-28-AW-GRJ (N.D. Fla.).

Plaintiff is a pretrial detainee at the Alachua County Jail pending the resolution of felony charges in the Eighth Judicial Circuit Court of Florida.

Plaintiff names the United States District Court (in Gainesville) and the Attorney General as Defendants. ECF No. 1 at 2. As the factual basis for the instant Complaint, Plaintiff states:

> On December 14, 2019, I received a memorandum stating that for Complaint Case # 1:19-cv-320-AW-GRJ was filed in the Gainesville Division on December 12, 2019 and that a U.S. Magistrate Judge will be assigned and will perform all initial screenings and processing in accordance with Local Rules of This District (N.D. Fla. Loc. R. 72.2 & 72.3). Then on the date December 19, 2019 I received a order motion from the Court filed on December 16, 2019 stating pending before the Court is Plaintiff's Complaint ECF No. 1 and motion to proceed in forma pauperis ECF No. 2 for Case No: 1:19-cv-320-AW-GRJ.

*Id.* at 5–6. Where Plaintiff is required to provide a statement of his claims in the *pro se* prisoner complaint, Plaintiff quotes, verbatim, sections of Articles I and III of the United States Constitution and a provision of the Florida Civil Rights Act (Fla. Stat. § 760.021). *Id.* at 7–8, 10 (citing, *inter alia*, the Necessary and Proper Clause, the Taxing and Spending Clause, and the Suspension of Habeas Corpus Clause). As to relief, Plaintiff requests "relief in the amount of $6,000 to be dispensed in [his] inmate bank account … or at a referred resident by Clerk of Court to wit: release or

transferred." The undersigned construes this request liberally to refer to any available compensatory or declaratory relief.[1]

## II. DISCUSSION[2]

The Complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). The Court must dismiss a claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The undersigned concludes Plaintiff's lawsuit is frivolous and due to be dismissed.

An action is frivolous or malicious where the allegations are clearly baseless, fanciful, fantastic, delusional, or without an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Plaintiff's claims are frivolous because there is no arguable factual or legal basis to link the alleged

---

[1] The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable. A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 678.

[2] It bears mentioning that the undersigned is not compelled to recuse himself from this lawsuit against the United States District Court for the Northern District of Florida because Plaintiff does not name the undersigned as a party to this proceeding. 28 U.S.C. § 455(b)(5)(i). In any event, "such disqualification is not required where the litigant baselessly sues or threatens to sue the judge." *Davis v. Kvalheim*, No. 6:07-cv-566-Orl-31KRS, 2007 WL 1602369, at *2 (M.D. Fla. June 1, 2007), *aff'd*, 261 F. App'x 231 (11th Cir. 2008).

3

violations of Articles I and III of the United States Constitution to this Court or the Attorney General in his official capacity. Even assuming Plaintiff attempts to raise constitutional claims against federal officers for damages under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), this Court and the Attorney General are not proper defendants in such an action.[3] Plaintiff's request for release or transfer based on his putative claims against Defendants is equally without merit because he is in custody pending trial on felony charges in state court.[4]

Moreover, Plaintiff's reliance on Section 760.21 of the Florida Civil Rights Act is untenable. Section 760.021 authorizes the Florida Attorney General to file a civil rights action for damages, injunctive relief, civil penalties, and other applicable relief where there is "reasonable cause" to

---

[3] *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994) (holding *Bivens* does not provide for a remedy against federal agencies); *Rubino v. United States*, 204 F. Supp. 3d 6, 9 (D.D.C. 2016) (dismissing claims against the Attorney General in her official capacity because they were "another way of pleading an action against the United States"); *Jimenez v. Phoenix Police Dep't*, No. CV-14-02444-PHX-BSB, 2015 WL 225409, at *4 (D. Ariz. Jan. 16, 2015) (applying the Supreme Court's holding in *Meyer* to dismiss a *Bivens* claim against the United States District Court for the District of Arizona); *Edwards v. Fifth Circuit Court of Appeals*, No. 3:02-cv-0976-D, 2003 WL 21500434, at *3 (N.D. Tex. Apr. 23, 2003), *report and recommendation adopted*, 2003 WL 21318362, at *1 (May 19, 2003) ("Plaintiff can obtain no relief under *Bivens* against a federal court.").

[4] *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261–62 (11th Cir. 2004) (holding a state defendant in custody pending trial may challenge his detention by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)); *see also id.* at 1262 (stating a habeas petitioner must demonstrate he has exhausted all remedies available under state law).

4

believe that a person or group (1) "[h]as engaged in a pattern or practice of discrimination as defined by" Florida law; or (2) "[h]as been discriminated against as defined by [Florida law] and such discrimination raises an issue of great public interest." Fla. Stat. § 760.021(1). This statute does not provide a private right of action, and Plaintiff does not allege he was the subject of a pattern or practice of discrimination.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. 371 U.S. at 182. The Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual or legal basis that would support a claim against the named Defendants. *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013).

### III.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2, is **GRANTED**. Plaintiff, however, will not be assessed the filing fee.

It is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED without leave to amend**.

**IN CHAMBERS** this 30th day of March 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.